UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARCUS RICHARDSON,                )
                                  )
              Petitioner,          )
      vs.                          )        2:10-cv-99-WTL-DML
                                  )
JAMES BASINGER,                    )
                                  )
              Respondent.          )

**Entry Discussion Motion to Proceed**

For the reasons explained in this Entry, the petitioner's motion to proceed (dkt 7) must be **denied.**

**I.**

Marcus Richardson is a prisoner of the State of Indiana who sought habeas corpus relief in this action. His petition for a writ of habeas corpus was reviewed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court* and comes under the spotlight of the statutory exhaustion requirement in particular.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. §2254(b)(1)). The exhaustion requirement is that a state prisoner, before filing a habeas petition, have presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. 28 U.S.C. § 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

The preliminary review in this instance produced an order that Richardson file a report containing "a description of how and when he presented his claims to the Indiana state courts." He complied, and the court's analysis of his report followed:

> Habeas petitioner Richardson responded to directions in Part II of the Entry issued on April 14, 2010, by making clear that he has not previously exhausted his remedies in the Indiana state courts with respect to any of the claims in his petition for writ of habeas corpus, but that he intends to file a petition for post-conviction relief in order to do so. Under these circumstances, the arrival of his petition for writ of habeas corpus in this court . . . is premature. The action must be dismissed without prejudice . . . .Judgment consistent with the foregoing analysis was entered on the clerk's docket on April 21, 2010.

**II.**

The entry of judgment has been followed with the filing on July 27, 2010, of Richardson's motion to proceed (dkt 7) ("motion").

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). Given the timing of the motion relative to the entry of judgment on the clerk's docket, the motion must be treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. See United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").[1]

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.**

An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Richardson attempts to establish in his motion to proceed that he has exhausted his available state court remedies, but his effort to do so is unpersuasive. First, he asserts that he has exhausted his state court remedies by filing a state petition for a writ of habeas corpus in the Sullivan Superior Court, which thereafter transferred his notice of appeal to the trial court, recognizing that the habeas petition should be treated as a petition for post-conviction relief. What Richardson has not done through his showing, however, is demonstrate that he has filed a petition for post-conviction relief and has litigated it to the highest court available. Indiana's post-conviction procedure has been recognized as a meaningful state court remedy, *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985), and Richardson should do the same. Second, Richardson castigates the entire state judiciary as biased, but this wholesale condemnation is entirely unwarranted.

Having thus considered Richardson's motion to proceed, having reviewed the information in such motion and the circumstances under which this action was dismissed as having been brought prematurely, and finding that Richardson retains a meaningfully remedy in the Indiana state courts, the motion to proceed (dkt 7) is **denied**.

**IT IS SO ORDERED.**

Date: 07/28/2010

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1]The current version of Rule 59 of the *Federal Rules of Civil Procedure* permits a Rule 59(e) motion to be filed within 28 days after the entry of judgment. The same result occurs applying the current 28-day filing period for a Rule 59(e) motion because Richardson's motion to proceed was filed 97 days after the entry of judgment.

Distribution:

Marcus Richardson
DOC #944814
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111